# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNIVERSAL FIRE & CASUALTY INSURANCE COMPANY,** *Plaintiff* | § § § § § | |
| **v.** | § § § | **No. 1:24-CV-01374-RP** |
| **STASIS HOMES INC.,** *d/b/a* **EEF CUSTOM HOMES & REMODELS,** *Defendants* | § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Plaintiff Universal Fire & Casualty Insurance Company ("Universal") sued in November 2024. Dkt. 1. Defendant Stasis Homes Inc. ("Stasis") did not—and still has not—appeared.[1] Universal moved for entry of default as to Stasis, which the clerk entered. Dkts. 10; 11. Universal now moves for default judgment against Stasis. Dkt. 17. After reviewing the motion and the relevant law, the undersigned recommends that the District Judge grant Universal's motion.

---

[1] Universal settled all claims between it and the only other defendant in this case, Sappington Construction, LLC ("Sappington"). Dkts. 21; 23. Sappington has since been dismissed. Dkt. 24.

1

## I.    BACKGROUND

Universal's suit seeks a declaratory judgment that it has no duty to defend or indemnify Stasis in a state-court lawsuit.[2] Dkt. 1, at 11. In the state suit, the plaintiffs allege they were injured when a scaffold collapsed at a construction site. *Id.* at 2-3. The plaintiffs also allege that Stasis and Sappington were "owners, possessors, or controllers" of the property on the date of the collapse and seek damages against them. *Id.* at 2-3.

Having issued Sappington an insurance policy, Universal agreed to defend Sappington in the state lawsuit. *Id.* at 4, 8. Stasis also sought a defense in the state lawsuit as an "additional insured" under the Universal–Sappington policy on the basis that Sappington and Stasis entered a contract requiring Sappington to add Stasis and its affiliates as additional insureds under that policy. *Id.* at 8; *see* Dkt. 17, at 2, 4. But Universal contends it has no obligation to defend or indemnify Stasis in the state suit because the terms of the policy it issued to Sappington do not extend coverage to bodily injury suffered by insureds' employees, independent contractors, or independent contractors' employees. Dkt. 1, at 8-10. Because the state-court

---

[2] The state-court suit, *Rosales, Luis Garcia v. Stasis Homes Inc. dba EEF Custom Homes & Remodels et al.*, Cause No. D-1-GN-23-008744, was pending in the 455th Judicial District Court in Travis County, Texas at the time Universal filed the complaint. Dkt. 1, at 2. In its motion for default judgment, Universal explains that the *Rosales* suit has since been consolidated with *Josue Silvano v. Sappington Construction, LLC*, Cause No. D-1-GN-24-002303, in which Sappington—and not Stasis—was originally named as a defendant. *See* Dkt. 17, at 4. As of February 14, 2025, however, the plaintiff in *Silvano* has asserted a claim against Stasis. *Id.* at 5. The undersigned therefore analyzes Universal's obligations to defend and indemnify Stasis in both suits, as consolidated.

plaintiffs were injured while performing work for Stasis, Universal asserts it need not defend or indemnify Stasis in the state suit. Dkt. 17, at 3.

## II.    LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering Universal's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether Universal's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, Universal should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).[3]

---

[3] Stasis was properly served, and the Court entered default. Fed. R. Civ. P. 55(a); Dkts. 4; 10; 11.

## III.    DISCUSSION

### A.    Default judgment is procedurally warranted.

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors favor entering a default judgment against Stasis. Because Stasis has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Stasis's failure to appear and respond has ground the adversary process to a halt, prejudicing Universal's interest in pursuing its claims for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: Stasis was properly served and has failed to appear and participate at all, much less timely file a responsive pleading. *See* Dkt. 4. Nothing suggests that the default was caused by a good-faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

4

### B.   Default judgment is substantively warranted.

Default judgment is proper only if the well-pleaded factual allegations in Universal's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id*. In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Universal states a viable claim for declaratory judgment under 28 U.S.C. § 2201. In its complaint, Universal specifically alleges that the policy excludes bodily injuries suffered by employees, independent contractors, and independent contractors' employees. Dkt. 1, at 6-7, 9-10. While, according to Universal, the state suit does not make clear whether the plaintiffs were employees or independent contractors, *id*. at 9, plaintiffs' exact roles are immaterial given that the policy does

5

not extend injury coverage to either type of worker. Universal's well-pleaded allegations have been admitted by Stasis by its default. *See Progressive Cnty. Mut. Ins. Co. v. Rodriguez*, No. A-23-CV-1465-RP, 2025 WL 979007, at *2 (W.D. Tex. Mar. 11, 2025) (recommending that the District Judge grant default judgment that an insurer did not owe a duty of defense or indemnity on the grounds that the defendant admitted the insurer's allegations by default), *R. & R. adopted*, 2025 WL 980097 (W.D. Tex. Mar. 31, 2025).[4]

Universal's factual allegations and the record before the undersigned are enough to raise its right to relief above a speculative level. *Wooten*, 788 F.3d at 498. The undersigned finds that default judgment is substantively warranted.

### C.    Declaratory relief is appropriate.

Because Universal shows it is entitled to default judgment, the Court must determine what form of relief, if any, it should receive. "When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether an "actual controversy" exists between the parties to the action. *Id.* Second, if the court has jurisdiction, it must determine whether it has the

---

[4] While ordinarily the duty to indemnify "cannot typically be adjudicated until there has been a judgment in the underlying suit, an exception exists where 'the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.'" *Nat'l Liab. & Fire Ins. Co. v. Mercado*, No. 5:19-cv-131, 2021 WL 2322939, at *4 (S.D. Tex. Feb. 1, 2021) (quoting *Hartford Cas. Ins. Co. v. DP Eng'g, LLC*, 827 F.3d 423, 430 (5th Cir. 2016)). As discussed above and admitted by Stasis's default, the policies provide no coverage for bodily injuries to Stasis's workers, so Universal has no duty to defend. For the same reason, Universal has no duty to indemnify. The Court may adjudicate Universal's duty to indemnify here.

"authority" to grant declaratory relief. *Id.* Finally, the court must determine whether to exercise its discretion to decide or dismiss the declaratory action. *Id.*

First, an actual controversy exists because Stasis requested defense in the state suit and Universal contests its obligations to defend and indemnify Stasis in that suit. *See Knight Specialty Ins. Co. v. Rapid Freight Hauler, LLC*, No. MO:23-CV-211-DC-RCG, 2024 WL 2789489, at *4 (W.D. Tex. Apr. 30, 2024), *R. & R. adopted*, 2024 WL 2789395 (W.D. Tex. May 30, 2024).

"Under the second element of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003) (citations omitted). Those circumstances are absent here. Although the underlying suit is a related cause of action in state court, it does not involve the same issues regarding Universal's obligation to defend or indemnify Stasis. There is no evidence of any state court action on these issues. Thus, the Court has the authority to grant declaratory relief. *See Nat'l Liab. & Fire Ins. Co. v. Mercado*, No. 5:19-cv-131, 2021 WL 2322939, at *5 (S.D. Tex. Feb. 1, 2021).

"Pursuant to the third step set forth in *Orix Credit Alliance*, a district court faced with a declaratory relief action must determine whether to exercise or decline jurisdiction." *Great Am. E&S Ins. Co. v. Viatek Consumer Prods. Grp., Inc.*, No. 1:17-

CV-850-RP, 2018 WL 6265112, at *3 (W.D. Tex. Mar. 28, 2018). When determining whether to exercise jurisdiction over a declaratory-judgment action, district courts consider "(1) whether a state action is pending in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed the declaratory action suit in anticipation of a suit by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is convenient for the parties and witnesses; (6) whether retaining the case in federal court will serve judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Id.* (citing *Sherwin-Williams*, 343 F.3d at 388).

Here, the factors support exercising jurisdiction. As discussed, there is no evidence of any parallel state-court action.[5] There is no evidence that Universal filed in anticipation of a suit from Stasis, that Universal has engaged in forum-shopping, or that the federal forum is inconvenient. Fairness weighs in favor of granting default judgment given Stasis's failure to answer. A declaratory judgment would promote judicial efficiency by settling the question of Universal's duty to defend and indemnify Stasis in the underlying suit. Accordingly, the undersigned will recommend that the

---

[5] As noted above, the underlying suit would not resolve the issues presented in this case.

8

District Judge grant Universal's motion for default judgment and issue declaratory relief as outlined below.

## IV. RECOMMENDATION

In accordance with the above discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Universal's motion for default judgment against Stasis, Dkt. 17. Specifically, the undersigned **RECOMMENDS** that the District Judge enter default judgment against Stasis and issue the following a declaratory judgment:

1. Universal has no duty to defend Stasis Homes Inc. d/b/a EEF Customs Homes & Remodels in the underlying suits; and

2. Universal has no duty to indemnify Stasis Homes Inc. d/b/a EEF Custom Homes & Remodels in the underlying suits.

The referral of this case to the Magistrate Judge should now be canceled.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and,

except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 8, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

10